IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LIGGINS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-1871-N-BD |
| | § | |
| JP MORGAN CHASE BANK, N.A. | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff James Liggins, who is appearing *pro se*, was ordered to participate in a Rule 26(f) conference, respond to a show cause order, and attend a show cause hearing on August 16, 2012. Because plaintiff has not complied with any of these orders, his pleadings should be stricken and his claims dismissed with prejudice.

I.

On June 4, 2012, plaintiff sued defendant in Texas state court for certain documents pertaining to a mortgage loan against his property. After defendant removed the case to federal court,[1] the court ordered the parties to hold a Rule 26(f) conference by July 2, 2012, and submit a joint status report and proposed scheduling plan by July 16, 2012. The order provides that anyone who fails to participate in the conference or who fails to sign the joint status report will be subject to sanctions. *See* Order, 6/18/12 at 1, ¶ 1 & 3, ¶ 2. When the parties failed to submit a joint status report, the court issued an order requiring plaintiff and defendant to show cause why sanctions

---

[1] Federal jurisdiction is proper because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1441(b).

should not be imposed for violating the order. *See* Order, 7/19/12. The parties were warned that "[t]he failure to comply with this order may result in the imposition of additional sanctions, including an order striking pleadings and dismissing this action or entering a default judgment, as appropriate." *Id.* at 1-2. Defendant filed a response to the show cause order. Plaintiff did not. In its response, defendant states that multiple attempts were made to schedule a Rule 26(f) conference with plaintiff, but plaintiff has failed to answer emails or return telephone calls from opposing counsel. Having received nothing from plaintiff, the court scheduled a show cause hearing for August 16, 2012 at 9:00 a.m. Plaintiff was ordered "to attend this hearing in person, then and there to show cause why he should not be sanctioned for failing to respond to the July 19, 2012 show cause order and for failing to participate in the preparation of a joint status report and proposed scheduling plan." *See* Order, 8/8/12 at 1-2. As before, plaintiff was warned that sanctions may be imposed if he failed to attend the show cause hearing, "including striking his complaint and dismissing this action with or without prejudice." *Id., citing* FED. R. CIV. P. 16(f)(1). Although plaintiff was duly notified of the show cause hearing, he failed to appear and did not communicate with the court or opposing counsel regarding his absence.

II.

Rule 16(f) of the Federal Rules of Civil Procedure provides, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A)   fails to appear at a scheduling or other pretrial conference;
>
> * * * *
>
> (C)   fails to obey a scheduling or other pretrial order.

FED. R. CIV. P. 16(f)(1). Among the sanctions contemplated by this rule are "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(iii) & (v). In addition, Rule 41(b) authorizes dismissal of a civil action for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The record in this case documents a clear history of delay and contumacious conduct by plaintiff. Not only did plaintiff fail to participate in a Rule 26(f) conference and the preparation of a joint status report and proposed scheduling plan, but he did not respond to a show cause order or appear at a show cause hearing on August 16, 2012. Plaintiff was warned on *three different occasions* that his failure to comply with court orders may result in the imposition of sanctions. *See* Orders, 6/18/12, 7/19/12, 8/8/12. Two of those warnings specifically advise that sanctions may include an order striking pleadings and dismissing this action with prejudice. *See* Orders, 7/19/12, 8/8/12. Under these circumstances, extreme sanctions are warranted. *See, e.g. Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (dismissal warranted where plaintiff failed to attend pretrial conference after judge warned that he had "one last opportunity" to comply with court's orders); *Matthews v. Wells Fargo Bank, N.A.*, No. 3-10-CV-1652-O-BD, 2011 WL 3348023 at *2 (N.D. Tex.

Jul. 8, 2011), *rec. adopted*, 2011 WL 3347855 (N.D. Tex. Jul. 29, 2011) (complaint stricken and case dismissed with prejudice where *pro se* plaintiff failed to participate in Rule 26(f) conference and respond to show cause order); *Griffin v. Wilshire Credit Corp.*, No. 3-09-CV-2464-N, 2010 WL 2301743 at *2 (N.D. Tex. May 14, 2010), *rec. adopted*, 2010 WL 2301725 (N.D. Tex. Jun. 4, 2010) (same where *pro se* plaintiff failed to participate in Rule 26(f) conference and attend show cause hearing); *Sawyer v. Mortgage Electronic Registration Systems, Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768 at *2 (N.D. Tex. Feb. 1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010) (same); *Petito v. Brewster*, No. 3-08-CV-0006-L, 2008 WL 906065 at *4 (N.D. Tex. Mar. 31, 2008), *aff'd*, 562 F.3d 761 (Table), 2009 WL 682392 (5th Cir. Mar. 17, 2009) (pleadings stricken and case dismissed where *pro se* plaintiff failed to appear at two hearings without justification or excuse); *Eric D. Fein, P.C. & Assoc. v. Dinli Metal Industrial Co.*, No. 3-07-CV-0012-K, 2007 WL 1741249 at *2 (N.D. Tex. Jun. 14, 2007) (default judgment entered against defendant who failed to appear at court-ordered status conference and show cause hearing).

The court has considered alternate sanctions. However, lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. Where a plaintiff refuses to obey lawful orders without justification or excuse, dismissal is warranted.

## RECOMMENDATION

Plaintiff failed to comply with court orders requiring him to participate in a Rule 26(f) conference, respond to a show cause order, and attend a show cause hearing on August 16, 2012 -- all without justification or excuse. As a result, his pleadings should be stricken and his claims dismissed with prejudice. *See* FED. R. CIV. P. 16(f) (1) & 37(b)(2)(A)(iii) & (v).[2]

---

[2] In view of this recommendation, defendant's motion for leave to file a renewed motion to dismiss [Doc. #12] is denied as unnecessary.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 16, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE